**AGATHA TA`IFI LEASIOLAGI SASA, and**
**FALEMALAMA L. VAESA`U for and on behalf**
**of the "TAMASA" clan of the LEVU family, Plaintiffs**

**v.**

**AIFO`I TAGATA LEVU, FA`ALILIU**
**TAGATA LEVU and SEUI LA`AU, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 09-98

October 16, 1998

Before KRUSE, Chief Justice, AFUOLA, Associate Justice, and
ATIULAGI, Associate Justice.

Counsel: For Plaintiffs, Katopau T. Ainu`u
For Defendants, Malaetasi M. Togafau

ORDER DENYING PLAINTIFFS' MOTION FOR
RECONSIDERATION AND DENYING DEFENDANTS'
MOTION TO DISMISS

## I. Plaintiffs' Motion for Reconsideration

Plaintiffs bring before this court a motion for reconsideration of an order
denying application for temporary restraining order and order to show

cause. For the reasons given below, this motion for reconsideration is denied.

Plaintiffs base their motion for reconsideration on an erroneous interpretation of *Fairholt v. Aulava,* 1 A.S.R.2d 73 (Lands & Titles Div. 1983). Plaintiffs assert that the court in *Fairholt* held A.S.C.A. § 41.1309(b)[1] unconstitutional as violating the due process clause of both the United States Constitution as applied to American Samoa and the due process clause of the American Samoa Revised Constitution.

■ Plaintiffs' interpretation of *Fairholt,* however, is too broad. *Fairholt* does not provide that A.S.C.A. § 43.1309(b) is unconstitutional in all circumstances. Rather, A.S.C.A. § 43.1309(b) is unconstitutional only if a family member is prevented court access to enjoin a *sa'o* from jeopardizing a family member's constitutionally protected property rights. Otherwise, the *sa'o* should be given the opportunity to act as the family *matai* before family members intervene. As we earlier stated in our order denying plaintiffs' *ex parte* application for a temporary restraining order, the legislative design behind A.S.C.A. § 43.1309(b) clearly must be to ensure that the *sa'o* is not totally displaced by the judicial process. Plaintiffs' motion for reconsideration, therefore, is denied.

## II. Defendants' Motion to Dismiss

### A. A.S.C.A. § 43.1309(b)

■ Defendant's motion to dismiss is also denied. Although A.S.C.A. § 43.1309(b) does provide that the *sa'o* is the only authorized person under this Act to bring an action regarding disputes or controversies over communal or *aiga* land, the early posture of this case does not warrant dismissal of this case, regardless of the *sa'o*'s failure to bring this action initially. In addition, the complaint alleges that the *sa'o* is not adverse to plaintiffs' claim of entitlement. Joinder of the *sa'o,* therefore, may be necessary if the *sa'o* fails to come forth.

### B. A.S.C.A. § 43.0302(a)

Defendants also argue dismissal of complaint for non-compliance with the mandates of A.S.C.A. § 43.0302(a). This enactment provides that "[b]efore any action relating to controversies over communal land . . . may be commenced in the land and titles division, each party shall file

---

[1] Under certain exceptions, A.S.C.A. § 43.1309(b) requires that the *sa'o* be the only authorized person under this Act to bring an application for injunction pertaining to communal land within his own family.

with his complaint a certificate [of irreconcilable dispute] signed and attested by the Secretary of Samoan Affairs . . ." Defendants' reliance on this subsection is misplaced.

■ Plaintiffs' complaint is one for injunctive relief. A.S.C.A. § 43.0302(b) provides that the certification requirement of subsection (a) is not a prerequisite requirement to the issuance of a temporary restraining order. *Tupua v. Faleafine*, 5 A.S.R.2d 131, 133 (Land & Titles Div. 1986). Additionally, A.S.C.A. § 43.0303(a)(1-3) authorizes either the Chief Justice or Associate Justice to issue interlocutory orders, upon *ex parte* application, to restrain certain enumerated activity *before the commencement* of proceedings before the lands and titles division.

Therefore, plaintiffs' motion for reconsideration is denied, and defendants' motion to dismiss is also denied.

It is so ordered.